IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION, | ) <br> ) | CIVIL ACTION NO. |
| Plaintiff, | ) <br> ) <br> ) | |
| v. | ) <br> ) | COMPLAINT |
| APPLE GOLD, INC.<br>D/B/A APPLEBEE'S | ) <br> ) <br> ) | JURY TRIAL DEMAND |
| Defendant. | ) <br> ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Amanda Antisdel, who was adversely affected by such practices. Plaintiff, the U.S. Equal Employment Opportunity Commission alleges that defendant Apple Gold, Inc., d/b/a Applebee's ("Defendant"), discriminated against Amanda Antisdel when it failed to promote her because of her sex, female.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina, Western Division.

1

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in the state of North Carolina and the City of Fayetteville, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Amanda Antisdel filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From around August 2008 until March 2009, Defendant engaged in unlawful employment practices at its facility located at 2702 Raeford Road in Fayetteville, North Carolina (hereafter "the restaurant"), in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) by denying a promotion to Amanda Antisdel ("Antisdel") based on her sex, female.

8. From around January 9, 2008 until April 2009, Antisdel worked for Defendant as a server. Antisdel excelled in her job as a server, and in June 2008, the Defendant selected her for server "expert training" which was provided to employees who had demonstrated a high level

of job performance. Antisdel was also awarded an Apple Star award and an Expo award for her high level of job performance.

9. In or around the summer of 2008, Antisdel expressed to Defendant's General Manager her interest in being promoted to a bartending position which paid more per week than her server position, and would provide her with the restaurant experience needed to become a manager.

10. Around August 2008, Antisdel informed Defendant's Bar Manager that she was interested in being hired for a bartender position. Antisdel was informed by the Bar Manager that she was not eligible for the position because she was not 21 years old, and that once she became 21 years old he would hire her for the next available bartending position. Later in December 2008, after Antisdel became 21 years old, she informed Defendant's new Bar Manager of her interest in being promoted to a bartender position. Antisdel was told by the new Bar Manager that she would be considered for the position when there was another opening behind the bar.

11. Around early March 2009, learned of a bartender position that was going to be available at the end of the month. Antisdel went to the Bar Manager and reminded him that she was still interested in the position. With the approval of the Bar Manager, Antisdel began on the job training as a bartender, and worked behind the bar with other bartenders at least three to four times per week for a three week period when her server station was not busy.

12. Around the end of March 2009, Antisdel learned about her non-selection for the bartender position from a co-worker. When Antisdel confronted the Bar Manager about her non-selection, he stated that Defendant wanted a "straight male" behind the bar. The bartender position was filled by a less qualified male candidate, who did not actively seek the position or
3

train in it, but was recruited into the position by Defendant. Defendant failed to promote Antisdel because of her sex, female.

13. The effect of the practices complained of above has been to deprive Antisdel of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female.

14. The effect of the practices complained of above has been to deprive Antisdel of equal employment opportunities and otherwise adversely affect her status as an employee because of her opposition to practices made unlawful under Title VII.

15. The unlawful employment practices complained of above were intentional.

16. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Antisdel.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminates on the basis of sex, and from retaliating against employees who oppose unlawful discrimination, make a charge of unlawful discrimination, or participate in an investigation of unlawful discrimination.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Antisdel whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

D. Order Defendant to make Antisdel whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

E. Order Defendant to pay Antisdel punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 8th day of September, 2010.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

TRACY HUDSON SPICER
Supervisory Trial Attorney
Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

/s/ Lynette A. Barnes_____
LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC 28202

/s/ Suzanne L. Nyfeler_____
SUZANNE L. NYFELER
VA Bar No. 40450
Senior Trial Attorney
Richmond Local Office
830 East Main Street, Suite 600
Richmond, Virginia 23219
Telephone:     (804) 771-2215
Facsimile       (804) 771-2222
suzanne.nyfeler@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**