IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>APPLE GOLD, INC. D/B/A APPLEBEE'S,<br><br>Defendant. | CIVIL ACTION NO.: 5:10-CV-363 |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant Apple Gold, Inc., d/b/a Applebee's ("Defendant"), violated Title VII by failing to promote Amanda Antisdel because of her sex, female.

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent

Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Amanda Antisdel the sum of Seven Thousand Five Hundred Dollars ($7,500) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Amanda Antisdel. Payment shall be made within fifteen (15) days of the entry of this Consent Decree by the Court, and Defendant shall mail the check to Amanda Antisdel at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery to Amanda Antisdel.

4. Within fifteen (15) days of the entry of this Consent Decree, Defendant shall eliminate from the employment records of Amanda Antisdel any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 433-2009-01637 and the related events that occurred thereafter. Within ten (10) days after Defendant has complied with the preceding sentence, Defendant shall report compliance with this provision to the Commission.

5. Defendant will provide a Letter of Reference to Ms. Antisdel in the form appended hereto as Exhibit A.

6. Defendant has in place a formal, written anti discrimination policy and procedures for reporting discrimination that it shall maintain throughout the term of this Consent Decree. A copy of Defendant's anti discrimination policy is appended hereto as Exhibit B. Defendant shall re-distribute a copy of its anti discrimination policy to each current employee in the Fayetteville Restaurant[1] within thirty (30) days of the entry of this Consent Decree. Within ten (10) days after Defendant has complied with the preceding sentence Defendant shall report compliance with this provision to the Commission. During the term of this Consent Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire

7. Beginning within ten (10) days of the entry of this Consent Decree, and continuing throughout the term of this Consent Decree, Defendant shall post a copy of its anti discrimination policy, appended hereto as Exhibit B and described in paragraph 6 above and on page 42 of Defendant's Crew Handbook, in the Fayetteville Restaurant in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within ten (10) days after Defendant has complied with the first sentence of this paragraph, Defendant shall report compliance with this provision to the Commission.

8. On Tuesday, February 8, 2011, Defendant provided training to all of its managers in the Fayetteville Restaurant. This training included an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against retaliation in the workplace. The training also included an explanation of Defendant's policy referenced in paragraphs 6 and 7

---

[1] The "Fayetteville Restaurant" as used in this Consent Decree is Defendant's restaurant located at 2702 Raeford Road in Fayetteville, North Carolina.

above, and an explanation of the rights and responsibilities of employees and managers under the policy. Defendant shall provide similar training to all of its managers at its restaurant locations by June 30, 2012. The Commission has approved the Employment Law Seminar and Workshop Topics and Agenda for the training which is appended hereto as Exhibit C. The training to be provided by June 30, 2012 shall be provided to all of Defendant's managers at its restaurant locations. During the term of this Consent Decree, Defendant shall provide similar training on an annual basis to all managers in the Fayetteville Restaurant, at approximate one-year intervals. Defendant shall also provide training to all new managers in the Fayetteville Restaurant during the term of this Decree, within ninety (90) days of the date the new manager is hired or promoted into the management position. The Commission has approved the New Manager Training Agenda which is appended hereto as Exhibit D. During the term of this Consent Decree, within thirty (30) days after completion of each subsequent training program in the Fayetteville Restaurant, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. Beginning within thirty (30) days of the entry of this Consent Decree, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, appended hereto as Exhibit E, hereby made a part of this Consent Decree, in a place where it is visible to employees in the Fayetteville Restaurant. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within ten (10) days after Defendant complies with the first sentence of this paragraph, Defendant shall report compliance with this provision to the Commission.

4
Case 5:10-cv-00363-FL   Document 15   Filed 08/23/11   Page 4 of 14

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

    A. the identities of all individuals who applied for a bartender position in the Fayetteville Restaurant (that is, by completing a written application or signing the bartender interest sheet[2]), including by way of identification each person's name, gender, address and telephone number;

    B. the outcome of each application for employment in a bartending position described in 10.A, including whether the applicant was hired or not and the reason for the decision;

    C. the identities of all individuals in the Fayetteville Restaurant who have opposed any practice made unlawful under Title VII, or who have filed a charge, given testimony or assistance, or participated in any investigation, proceeding or hearing under the foregoing statute, including by way of identification each person's name, address, telephone number, and position;

    D. for each individual identified in 10.A. above, a statement identifying any change in the individual's employment status with Defendant (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

---

[2] The Bartender Interest Sheet is posted in a place where it is visible to employees of the Fayetteville Restaurant, and all individuals must complete a Bartender Interest Sheet prior to working as a bartender. Employees of the Fayetteville Restaurant who make oral application to become a bartender will be directed to complete a Bartender Interest Sheet.

5
Case 5:10-cv-00363-FL   Document 15   Filed 08/23/11   Page 5 of 14

E. for each individual whose employment status has changed as identified in 10.D. above, a detailed statement explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send to the Commission a "negative" report indicating no activity.

11. The Commission may review compliance with this Consent Decree. As part of such review, for purposes of compliance with paragraph 4 of this Consent Decree, the Commission may inspect Defendant's corporate office located in Raleigh, North Carolina, and interview employees and examine and copy documents at Defendant's corporate office. For purposes of compliance with of paragraphs 6, 7, and 9 of this Consent Decree, the Commission may inspect Defendant's Fayetteville Restaurant facility, and interview employees and examine and copy documents at Defendant's Fayetteville Restaurant facility. For purposes of compliance with of paragraph 8 of this Consent Decree, the Commission may interview employees and examine and copy documents at all of Defendant's facilities. For purposes of compliance with of paragraph 10 of this Consent Decree, at Defendant's Fayetteville Restaurant facility, the Commission may inspect Defendant's Fayetteville Restaurant facility, and interview employees and examine and copy documents in the Central North Carolina Market[3].

12. If at anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of this Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or

---

[3] The Central North Carolina Market consists of restaurants in Fayetteville, Sanford and Aberdeen. These restaurants are all overseen by the same Area Director.

such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Consent Decree shall be for three (3) years from its entry by the Court.

14. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent to: (1) if by mail — Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202; or (2) if by email — EEOC-CTDO-decree-monitoring@eeoc.gov.

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Consent Decree and entry of such further orders as may be necessary or appropriate.

| | |
|---|---|
| August 23, 2011 | /s/ Louise W. Flanagan |
| Date | Louise W. Flanagan<br>Chief Judge, U.S. District Court<br>Eastern District of North Carolina |

The parties jointly request that the Court approve and enter the Consent Decree:

This <u>18th</u> day of <u>August</u>, 2011.


P. DAVID LOPEZ
General Counsel

LYNETTE A. BARNES
Regional Attorney
N.C. Bar No. 19732

TRACY HUDSON SPICER
Supervisory Trial Attorney

/s/ Suzanne L. Nyfeler
SUZANNE L. NYFELER

Attorney for Plaintiff Equal Employment Opportunity Commission

Senior Trial Attorney
Richmond Local Office
830 East Main Street, Suite 600
Richmond, Virginia 23219
Telephone: (804) 771-2215
Facsimile: (804) 771-2222
suzanne.nyfeler@eeoc.gov
VA Bar No. 40450

/s/ Susan M. Huber
Charles E. Johnson
Susan Miller Huber

Attorneys for Defendant Apple Gold, Inc.

ROBINSON BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: 704.377.2536
Facsimile: (704) 378-4000
cejohnson@rbh.com
N.C. Bar No. 9890
shuber@rbh.com
N.C. Bar No. 36945

# EXHIBIT A

## APPLE GOLD LETTERHEAD

To Whom It May Concern:

      Amanda Antisdel was employed with our company as a server from January 2008 through April 2009. Throughout her employment with us, Ms. Antisdel was an exemplary employee.

      Sincerely,


      PRESIDENT OF APPLE GOLD, INC.

**EXHIBIT B**

**ZERO TOLERANCE OF ILLEGAL DISCRIMINATION**

The Apple Gold Group will not tolerate illegal discrimination against our employees, our guests or our vendors on the basis of gender, race, religious beliefs, national origin, alienage, age, disability or sexual orientation. Both the law and our organization's Principle of Respect demand that we treat all individuals with respect regardless of our individual differences.

Any acts of discrimination, whether experienced or simply witnessed, must be reported immediately. To promote greater comfort, flexibility and honesty in reporting incidents of harassment, employees may choose to notify the company by: i) calling the Employee Hotline (1 888 LINE 2 AG); ii) E-Mailing the company at Feedback@AppleGoldGroup.net; or iii) calling the company's Human Resources Department at 919-846-2577. The report should include details of the incidents, names of individuals involved, and the names of any witnesses. All reports will be promptly and thoroughly investigated, and swift remedial action will be taken if the company concludes that illegal discrimination has taken place.

**EXHIBIT C**

# Employment Law Seminar
# Workshop Topics and Agenda

**Summary**

The Employment Law Seminar (ELS) is offered to all salaried and hourly managers of the Apple Gold Group. The ELS is four hours in length and is intended to give Apple Gold's managers a solid introduction to those employment laws most relevant to the operation of a restaurant. The ELS is led by the company's General Counsel and it is given in a lecture-style format. The participants are regularly and strongly encouraged to ask questions and share real-world examples of problems and challenges that the group can discuss and explore in illustration of the lessons to be learned. For example, participants might discuss how to respond if they overhear someone tell a sexual or off-color joke.

**Agenda**

- Welcome and introductions
- Suggestions for effective seminar participation
  - Taking good notes; using the handout packet
  - Asking questions and sharing examples
  - "Issue spotting" – you don't have to be a legal expert, but you do have to learn to recognize potential issues so you can seek advice and guidance.
- The Apple Gold Group Principles – Honesty, Responsibility and Respect
- Basic terms and concepts
  - Illegal Discrimination – making employment choices because of a person's membership in a protected class or their protected activity.
  - Protected Class/Protected Activity
  - Retaliation
  - "Sunshine"
    - The idea that *encouraging* employees to report concerns using our Employee Hotline and other reporting methods is the best protection for the company, the managers and the employees.
    - Allows us to address concerns as soon as they arise.
- Title VII of the Civil Rights Act
  - Protected classes
  - Modified by the Civil Rights Act of 1991
- Pregnancy Discrimination Act of 1978
- Age Discrimination in Employment Act

- ❖ Americans with Disabilities Act
  - ➢ Basic terms and concepts
  - ➢ Interviewing
  - ➢ Making reasonable accommodations
- ❖ The Fair Labor Standards Act
  - ➢ Equal Pay Act
  - ➢ Minimum wage and overtime
  - ➢ Tipped employees – tip credit and tip pooling
  - ➢ Wait time and breaks
- ❖ The Family Medical Leave Act
  - ➢ Basic provisions
  - ➢ Qualification
  - ➢ Procedure
- ❖ Apple Gold Group Harassment Policy
  - ➢ Legal standards for harassment claims
- ❖ Apple Gold Group Consensual Relations Policy
- ❖ Progressive Discipline and Termination
  - ➢ Process
  - ➢ Documentation

**EXHIBIT D**

# New Manager Training
## Agenda

Definition and benefits of diversity
- provides the best workplace and most talented workforce
- mirrors the guests we serve
- Principle of Respect

Discrimination is unlawful if based on the following:
- race
- gender
- age
- national origin
- religion
- disability

Apple Gold's Zero Tolerance of Illegal Discrimination policy provides broader protection against discrimination:
- sexual orientation
- socioeconomics
- education
- physical attributes
- communication techniques

Overview of major discrimination laws:
- Title VII of the Civil Rights Act of 1964
- Equal Pay Act of 1963
- Age Discrimination in Employment Act of 1967
- Americans with Disabilities Act of 1990
- Rehabilitation Act of 1973
- Civil Rights Act of 1991
- State laws

Supervisor's role in promoting diversity and preventing discrimination:
- hiring
- job assignments
- responding to employees
- setting a good example

5-10 real-life scenarios with quiz and discussion to explore how supervisors should respond in each situation:
- How to encourage diversity?
- Protect against discrimination?

EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br><br>       Plaintiff,<br><br>  v.<br><br>APPLE GOLD, INC.<br>D/B/A APPLEBEE'S,<br><br>       Defendant. | CIVIL ACTION NO.: 5:10-CV-363<br><br>**EMPLOYEE NOTICE** |

**NOTICE TO APPLE GOLD, INC. EMPLOYEES**

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Apple Gold, Inc. in a case alleging discrimination based on sex, in violation of Title VII of the Civil Rights Act of 1964. As part of the settlement, Apple Gold, Inc. agreed to pay monetary damages to the aggrieved party and to take other action set out in the Consent Decree resolving this matter.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Title VII specifically prohibits discrimination based on sex.

3. Apple Gold, Inc. will comply with such federal law in all respects. Furthermore, Apple Gold, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least three (3) years by agreement with the U.S. Equal Employment Opportunity Commission.

DO NOT REMOVE THIS NOTICE UNTIL: _____, 2014.